*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

## JOHN W. HEPLER v. JOEL KEHLER.

An affidavit under the provisions of the act of Assembly of 17 March, 1869, (relative to fraudulent debtors,) alleging the fraud in the words of the statute is sufficient in the first place to authorize the Prothonotary to issue the attachment, and a levy made on such writ will hold the property.

But for the purpose of enabling the defendant or garnishee to make his defence upon a motion to dissolve or otherwise, the Court or Judge hearing the same will require, upon application, a supplemental affidavit to be filed setting forth the specific facts that constitute the fraud.

Motion to quash attachment.

Opinion delivered 21 Dec., 1872, by

WALKER, J. The objection to this attachment urged by the garnishee, is that the affidavit in this case required by the act of 17 March, 1869, P. Laws, 8, does not specifically set forth the facts that indicate the fraud complained of, to inform the defendant what he is called upon to answer, and that forthwith without further application for a supplemental affidavit the writ should be quashed.

The affidavit avers that the defendant is justly indebted to the plaintiff in the sum of $1,560, the nature of which is specifically set forth. It avers in the first charge that the defendant is about to remove his property, as the deponeth believes, out of the jurisdiction of this Court with intent to defraud his creditors. It further avers in the words of the act of Assembly, other charges of a fraudulent intent. The prothonotary upon the filing of this affidavit, issued the attachment and the sheriff levied upon the property mentioned in the inventory, a copy of which was delivered to the defendant and the garnishee.

*Is this objection well taken?*

The affidavit alleges the defendant is about removing his property out of the jurisdiction of this Court with intent to defraud his creditors. This though a general allegation, in the words of the statute, we think is sufficient to hold the property and give notice to the defendant.

If a more specific statement of the facts which constitute the fraud, the mode and manner as required in an indictment, were necessary in the first place, before the writ could be issued, the benefits of the statute would in many instances be lost. Immediate action in cases of this description is essential.

The case of Boon v. Zimmerman, 28 Legal Intelligencer, No. 8 p. 60, cited by the counsel for the garnishee, is against this position. Yet the reasoning of the Supreme Court in Gosline v. Place, 8 Casey 520, and in Berger v. Small, 3 Wright 302, (cases not strictly but sufficiently analogous with this,) seem to sustain the views here expressed.

These remarks apply only to the sufficiency of the affidavit for the purpose of issuing the writ and holding the property by virtue of the levy.

When, however, the affidavit is insufficient for the purpose of enabling the defendant or garnishee to make his defence, or defective in giving him notice of the specific acts of fraud complained of, the Court or Judge hearing the matter, upon application, will require a supplemental affidavit to be filed in accordance with the *spirit* of the statutes of amendments, before proceeding in the cause. We therefore think the affidavit is sufficient to authorize the issuing of the attachment, and to hold the property levied upon in this proceeding, until otherwise directed.

Motion to quash dismissed.

*Bartholomew* and *Henning*, for plaintiff; *Bickel* and *Farquhar*, for defendant.